IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02464-WYD-BNB

RHONDA DIETERICH,

Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

Defendant.

_____

**ORDER**

_____

This matter arises on the following:

(1)     **Plaintiff's Motion to Compel** [Doc. # 27, filed 2/27/2013] (the "Motion to

Compel"); and

(2)     Plaintiff's **Amended Motion to Extend** [Doc. # 32, filed 3/7/2013] (the "Motion

to Extend").

I previously heard argument on the Motion to Compel and required the parties to engage

in further discussions to attempt to narrow the dispute.  Those efforts were successful, and the

plaintiff informs me that all disputes concerning the written discovery have been resolved.

The plaintiff continues in her request to extend the discovery cutoff to allow a Rule

30(b)(6) deposition of the defendant and to extend the dispositive motion deadline to a date after

the close of discovery.  The request is opposed.  First, the defendant asserts that the plaintiffs

claim to need additional time for the Rule 30(b)(6) deposition is "disingenuous as Plaintiff has

made the same argument before in other cases involving Defendant and then did not depose

Defendant's representative." Response [Doc. # 36] at p. 2. In addition, the defendant argues

that the extensions are unnecessary because of the "unimportance and inadmissibility of the

requested documents" as shown by the plaintiff's failure "to identify any of the documents as an

exhibit in the other cases involving Defendant." Id. I am not familiar with the prior conduct

alleged by the defendant, and the defendant has offered no evidence or further explanation of the

circumstances. Finally, the defendant argues that plaintiff has "more than enough [information]

to depose Defendant's 30(b)(6) witness in a timely manner." Id. at p. 3.

The defendant provided on approximately April 12, 2013, additional information as a

result of my requirement that the parties attempt to narrow their discovery dispute, including

identifying the specifics of its bona fide error defense; details of the information submitted by

the defendant to credit bureaus concerning the account in dispute; and details about any

recordings of the collection calls between the parties. The defendant also provided additional

documents, although I am not aware of the contents of those documents.

I find that the pendency of the plaintiff's Motion to Compel and the supplemental

information and documents provided to the plaintiff as a result of that Motion to Compel

constitute good cause to extend the discovery cutoff and the dispositive motion deadline.

IT IS ORDERED:

(1)    The Motion to Compel [Doc. # 27] is DENIED as moot;

(2)    The Motion to Extend [Doc. # 32] is GRANTED; and

(3)     The case schedule is modified to the following extent:

(a)  The discovery cutoff is extended to and including May 15, 2013, solely to allow the plaintiff to conduct a Rule 30(b)(6) deposition of the defendant;

(b)  The dispositive motion deadline is extended to and including May 31, 2013; and

(c)  The final pretrial conference set for May 15, 2013, at 10:00 a.m., is VACATED and RESET to July 25, 2013, at 8:30 a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than July 18, 2013.

Dated April 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge